UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    PAUL D. BUHL,<br>        *Debtor* | Case No.: 19-30803 (AMN)<br>Chapter 13<br><br>RE: ECF No. 14 |

## AMENDED MEMORANDUM OF DECISION
## AND ORDER GRANTING MOTION TO DISMISS[1A]

The Federal National Mortgage Association ("Movant") moved to dismiss this case with a two (2) year bar to refiling a new bankruptcy case.[1]  The debtor, Mr. Paul Buhl, objected.  For the reasons that follow, I will dismiss this Chapter 13 case for cause pursuant to Bankruptcy Code §§ 1307(c) and 1307(c)(4)[2] and impose a bar to refiling for a period of one (1) year.  Based on the record of Mr. Buhl's three bankruptcy cases as well as three bankruptcy cases filed by Luce Buhl (the debtor's wife), the good faith nature of any future bankruptcy filing affecting the real property in issue here will be closely scrutinized.[3]

### Nature of the Proceedings and Findings of Fact

In addition to the pending motion to dismiss this case (the "Motion") and Mr. Buhl's objections to dismissal, there is pending a motion for relief pursuant to Bankruptcy Code § 362(d)(4) seeking an *in rem* order regarding real property currently occupied by Mr. Buhl which I have taken under advisement after a hearing.  ECF No. 14, 21, 26, 12 respectively.

---

[1A]    This Amended Memorandum of Decision is filed to correct the title.
[1]    The Movant also requested a broader bar, prohibiting any filing in any federal court.
[2]    The Bankruptcy Code is found at Title 11, United States Code.
[3]    The real property is 12 Casner Road, East Haddam, CT 06423.  Mr. Buhl has represented that the title to the real property was in his wife's name alone prior to the mortgage foreclosure litigation that is the foundation of the present dispute.

1

Through the filing of his voluntary Chapter 13 bankruptcy petition on May 16, 2019 (the "Petition Date"), Mr. Buhl sought to invoke the automatic stay to stop an eviction planned for May 22, 2019. Mr. Buhl filed a Chapter 13 Plan proposing monthly plan payments of $1,850.00 per month for sixty (60) months, but then failed to make a single payment, contrary to the requirement of Bankruptcy Code § 1326(a)(1). ECF No. 11, p.3.

Mr. Buhl also commenced an adversary proceeding within this Chapter 13 case by filing a complaint against the Movant and others, alleging among other things that a 2016 foreclosure auction of real property titled in the name of his wife, Luce Buhl, was conducted in violation of a stay that arose upon his filing of his second bankruptcy case, case number 16-30778 (the "2016 Case"). For purposes of considering the Motion to dismiss this case, it is not necessary to determine whether a violation of the statutory automatic stay that arose in the 2016 Case occurred.[4] But, for purposes of considering whether there is cause to dismiss this case, I note that Mr. Buhl could have moved to reopen the 2016 Case to bring a challenge to the violation of the stay from that case, but did not. *See E. Equip. & Servs. Corp. v. Factory Point Nat. Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001). Because the stay in the 2016 Case expired after thirty (30) days, the reopening of that case would not have created a stay to prevent the May 22nd eviction.

When asked during a hearing on July 17, 2019, why he did not reopen the 2016 Case to challenge the alleged stay violation, Mr. Buhl responded, "[i]t's been in the back of my mind. But we would have been out of the house by the time the motion was heard."

---

[4] In the 2016 Case, a limited stay arose upon the filing of the case, pursuant to 11 U.S.C. §§ 362(a) and 362(c)(3)(A), but it expired after thirty (30) days when no party in interest sought an extension of the stay.

2

ECF No. 28, 00:18:56.[5]  The debtor did pursue the stay violation, among other arguments, in litigation before the District Court in 2016, but that litigation concluded with an affirmed dismissal in late 2017. *See, Buhl v. Grady*, No. 3:16-cv-1808 (VLB) (D. Conn. Nov. 8, 2016), *aff'd*, No. 16-4111 (2nd Cir. 2017), *cert. denied*, 138 S. Ct. 200, 199 L. Ed. 2d 117 (Oct. 2, 2017).  While the debtor argued that the District Court litigation was not dispositive of the stay issue and does not preclude this Court's review of the alleged stay violation, he waited another eighteen (18) months to return to the Bankruptcy Court, primarily driven – as he admitted – by his desire to stop the eviction scheduled for May 22, 2019.[6]

Discussion and Conclusions of Law

The pending Motion requests that the present 2019 Chapter 13 case be dismissed, that a two-year bar to re-filing a bankruptcy case be imposed, and that a further bar to any filing by Mr. Buhl in any other federal court be imposed.  The Movant argues that the debtor's history of filing multiple bankruptcy cases for the sole purpose of obstructing and delaying foreclosure proceedings demonstrates sufficient cause to justify a dismissal with a broad bar to refilling.  Courts have concluded cause to dismiss a bankruptcy case exists when the timing of the filing leaves no doubt that the primary, if not sole, purpose of the filing was a mere litigation tactic, or, when a bankruptcy case consists of essentially a two-party dispute.  *See, In re Lin*, 499 B.R. 430, 437 (Bankr. S.D.N.Y. 2013); *In re Plagakis*, No. 03 CV 0728 (SJ), 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004); *In re*

---

[5] Audio recordings of hearings held before the bankruptcy court are published to the docket of each case with an MP3 file as an attachment.  The audio file is referenced using this format: HOURS:MINUTES:SECONDS.

[6] *See, Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 491 B.R. 27, 35 (S.D.N.Y. 2013) (holding three-year delay in bringing motion to enforce automatic stay barred by doctrine of laches); *Adams v. Hartconn Associates, Inc.*, 212 B.R. 703, 711–12 (Bankr. D. Mass. 1997) (holding laches bars a claim for damages for violation of the automatic stay because of nineteen-month delay in filing motion to reopen).

*HBA East, Inc.*, 87 B.R. 248, 259–60 (Bankr. E.D.N.Y. 1988); *In re Bono*, 70 B.R. 339, 345 (Bankr. E.D.N.Y. 1987).

Based on the record here, I conclude that cause exists to dismiss this bankruptcy case pursuant to Bankruptcy Code § 1307(c).  During the July 11th hearing to consider the Motion, Mr. Buhl admitted that both the 2015 and 2016 bankruptcy cases were filed a few days before scheduled foreclosure auctions of his wife's real property for the purpose of imposing a stay of those auctions, and that the present bankruptcy case was filed to stop the May 22nd eviction.  ECF No. 23, 00:14:10; 00:15:35.  The bankruptcy schedules here list a single creditor – Liberty Bank, the predecessor in interest to the Movant – but no real property is listed and no unsecured creditors are disclosed.  Indeed, the proposed Chapter 13 Plan states that, "[u]tility of this plan turns upon whether the court rules that the foreclosure sale was in violation of the automatic stay." ECF No. 11, p. 20.  Clearly, this case presents a two-party dispute between Mr. Buhl and the Movant with the long-standing foreclosure and subsequent eviction process forming the center of the parties' differences.

As noted earlier, the debtor argued that the District Court litigation was not dispositive of the 2016 Case stay issue and does not preclude this Court's review of the alleged stay violation, but he waited another eighteen (18) months to return to the Bankruptcy Court.  At the July 17th hearing, Mr. Buhl admitted that the timing of the 2019 bankruptcy petition "was a strategic choice to regain the one-year stay to [put] me in a better position."  ECF No. 28, 00:21:40.  Because the debtor admits his case was commenced as a strategic choice to be implemented immediately prior to execution of an eviction, and, that he did not pursue the alleged stay violation for so long or in the correct

4

case as part of his litigation strategy, the record supports the conclusion that this case was not commenced in good faith for the purpose of pursing a Chapter 13 Plan.

Separate and apart from the strategic choice to file a new case on May 16, 2019, there is a good faith issue regarding the duty of the debtor to commence Chapter 13 Plan payments thirty (30) days after the commencement of the case. 11 U.S.C. § 1326(a). When questioned regarding his failure to make plan payments to the Chapter 13 Trustee, Mr. Buhl answered somewhat beside the point, essentially indicating he was hedging his bets by not making payments to the Chapter 13 Trustee. He stated that because his payments to the Movant (or its predecessor(s)) had been returned during the foreclosure process, he was concerned they were "returned because there was confusion […] I said I wanted something where if these people [i.e. the Movant] aren't going to accept the money I don't think I should be sending it to [the trustee]." ECF No. 23, 00:27:30.

Given the *pro se* debtor's experience as an attorney,[7] as well as his experience as a Chapter 13 debtor in two prior cases, this explanation is an unacceptable response to the clear duty to commence Chapter 13 plan payments. The failure to commence plan payments alone constitutes cause to either dismiss or convert this case under Bankruptcy Code § 1307(c)(4).

Based on the pattern of serial bankruptcy filings on the eve of adverse consequences in a foreclosure and eviction process, the two-party nature of the dispute, the unconfirmable nature of the proposed Chapter 13 Plan, and the failure to make any plan payments as required by Bankruptcy Code § 1326(a), I conclude that there is cause to dismiss or convert this case pursuant to Bankruptcy Code §§ 1307(c) and 1307(c)(4).

---

[7]   Mr. Buhl represented he had formerly been a licensed, practicing attorney in the State, and that he had sixteen (16) years of experience as a probate judge.

Because there appears to be no purpose to a conversion since the only creditor listed by the debtor is the Movant here – who is not a secured creditor of the debtor and apparently may not be an unsecured creditor of the debtor either – I conclude a dismissal is appropriate.

The court has discretion to dismiss this case with prejudice to the refiling of a subsequent bankruptcy case. 11 U.S.C. § 349(a); *see In re Casse*, 198 F.3d. 327 (2d Cir. 1999); *In re Feldman*, 597 B.R. 448, 460 (Bankr. E.D.N.Y. 2019) (dismissing with prejudice case filed solely to stay determination of a disputed claim). In light of the debtor's admissions that his three bankruptcy petitions were each filed for the purpose of delaying a foreclosure sale or an eviction, and in light of the debtor's unreasonable delay in seeking review of the alleged stay violation (which violation the Court does not presently conclude occurred), I conclude a bar to filing another bankruptcy case in any United States Bankruptcy Court for a period of one (1) year is appropriate. Because the case will be dismissed and a bar to Mr. Buhl's refiling will be entered, the pending motion seeking an *in rem* order will be moot upon the dismissal of the case. As already stated, any further bankruptcy proceedings affecting the real property in issue here will be closely scrutinized. This Order does not affect the state of title to the real property occupied by Mr. Buhl. This Order does not affect Mr. Buhl's ability to proceed before any other federal court.

Accordingly, it is hereby

ORDERED: That the Federal National Mortgage Association's Motion to Dismiss this Chapter 13 case, ECF No. 14, is GRANTED IN PART; and it is further

ORDERED: That, a separate order shall enter dismissing this Chapter 13 case with prejudice for a period of one (1) year, through July 18, 2020.

Dated on July 22, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut